## STATE v. MRS. EDDIE WEBB.

(Filed 15 June, 1936.)

**1. Criminal Law I f—**

Indictments charging defendant with reckless driving and with passing a standing school bus on the highway may be consolidated for trial. C. S., 4622.

**2. Automobiles C g—**

N. C. Code, 2618 (b), requiring motor vehicles to stop before passing a school bus standing on the highway applies to passing a school bus from either direction, from the rear or from the front.

APPEAL by the defendant from *Hill, J.,* at May Term, 1935, of FORSYTH.

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State.*

*H. O. Woltz and Wilson Barber for defendant, appellant.*

PER CURIAM. The defendant was charged in two bills of indictment with having violated section 2621 (45), N. C. Code of 1935 (Michie), relative to reckless driving, and section 2618 (b) of said Code requiring motor vehicles to stop before passing a school bus standing on the public road taking on or putting off school children.

The defendant excepted to the consolidation of the two cases for trial. This exception is untenable. C. S., 4622.

Section 2618 (b) reads: "No person operating any motor vehicle on the public roads shall pass, or attempt to pass, any public school bus while the same is standing on the said public road taking on or putting off school children, without first bringing said motor vehicle to a full stop at a distance of not less than fifty feet from said school bus."

The court charged the jury: "Now, the defendant contends that the logical meaning of the statute is that it shall apply only to an automobile approaching the school bus from the rear and attempting to pass the rear of the school bus, and that it does not apply to traffic approaching the school bus from the opposite direction and passing or attempting to pass the school bus from that direction. The State contends, through the solicitor, that it means passing a school bus, regardless of whether from the rear of the school bus or from the front of the school bus. The court construes this statute to mean, and you are instructed that it is the law, that it applies both to passing or attempting to pass the school bus from the rear and passing or attempting to pass the school bus from the

front of the school bus." The defendant excepted to the foregoing portion of the charge, contending, as stated by the court, that the statute is limited to only those motor vehicles passing a school bus from the rear. We agree with the construction placed upon the statute by the court. There is nothing in the statute limiting the provisions thereof as contended by the defendant.

We have examined the other exceptions taken by the appellant and find no reversible error. While the evidence, as it related to the charge of violating section 2621 (45), was conflicting, it justified the verdict of the jury.

No error.